[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{para;1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12 and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{para;2} Defendant-appellant, Marjoni Tate, appeals a sentence imposed by the trial court following a community-control violation. Tate was originally convicted of robbery pursuant to R.C. 2911.02(A)(2). As part of an agreed sentence, Tate served six months imprisonment and was placed on three years of community control with intensive supervision. The trial court subsequently revoked the community-control sanction based on several violations of the conditions it had imposed. The court sentenced Tate to serve a seven-year term of imprisonment on the original charge.
{para;3} In this appeal, Tate presents four assignments of error, all of which claim error in the trial court's sentencing. Because the fourth assignment of error is dispositive of this appeal, we address it first. In that assignment of error, Tate contends that the trial court lacked authority to sentence him to any period of incarceration because it failed to follow the provisions of R.C. 2929.19(B) when it originally imposed the community-control sanction. This assignment of error is well taken.
{para;4} R.C. 2929.19(B)(5) provides that "[i]f the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
{para;5} In State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297, this court held that "literal compliance with R.C. 2929.19(B)(5) is required as a precondition to imposing a prison sentence for a violation of community-control sanctions." In this case, the trial court informed Tate of the sentence he could receive if he violated the conditions of his community control at the plea hearing, not at the sentencing hearing as mandated by R.C. 2929.19(B)(5). Since the trial court failed to strictly comply with the provisions of the statute, it could not impose a prison sentence on Tate, no matter how appropriate that sentence would have otherwise been.
{para;6} Accordingly, we hold that the trial court erred in imposing a seven-year prison term on Tate. We sustain his fourth assignment of error, reverse the sentence, and remand the matter for resentencing. Based on our resolution of the fourth assignment of error, Tate's other three assignments of error are moot, and we, therefore, decline to address them. See App.R. 12(A)(1)(c).
{para;7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Winkler, JJ.